Mark PURNELL, Appellant,

v.

The STATE of Oklahoma, Appellee.

No. J–76–632.

Court of Criminal Appeals of Oklahoma.

March 3, 1977.

Luke A. Wilkerson, Pryor, for appellant.

Sidney D. Wise, Dist. Atty., Mayes County, for appellee.

## OPINION

BRETT, Judge:

Appellant, Mark Purnell, a juvenile, appeals from an order of the Juvenile Division of the District Court, Mayes County, Oklahoma, waiving jurisdiction over him and empowering the State to prosecute him as an adult upon two charges of Burglary in the Second Degree and one charge of Attempted Burglary.

The facts, briefly stated, show that shortly after midnight on May 15, 1976, in Pryor, Oklahoma, a policeman heard glass break near a body shop. Upon investigation, he found the defendant-juvenile in an old truck bed outside the body shop. The juvenile was arrested and booked, and among his possessions were found about $25.00 in change (mostly quarters), a set of keys and a blackjack. The officer said the defendant's car was nearby with a flat tire. The owner of the service station near the body shop testified that someone burglarized his business by breaking a glass door on the

night of May 15, 1976, and took about $50.00 in change from the cash register and the soda pop machine. He identified the keys found on the juvenile as being those which had been taken from his business that night. By stipulation it was agreed that a third building between the service station and the body shop was also broken into that night, but nothing was missing. It was stipulated that the proprietor of that business would have testified that he heard glass in his windows break that night and, later, other windows breaking in nearby businesses, and that he then called the police.

Evidence was presented that the juvenile had been suspended from school once and a hearing on a second proposed suspension had been cancelled when the youth's grandparents—with whom he lived—withdrew him from school. Rolla Webber, Assistant Principal of the high school the juvenile attended, said, "in his present environment, . . . I don't think any amount of counselling is going to do him any good at all." (July 20 hearing, page 22) The juvenile's parents were divorced when he was quite young and his mother died when he was 11 years of age. He had lived with his grandparents since. The Sheriff testified that the juvenile had been arrested four times on seven different charges during the 12 months preceding the alleged burglaries and one time on two charges five days after the alleged burglaries. The charges included Public Drunk on two occasions; Possession of Drugs; Driving Under the Influence, on two occasions; Careless Driving; Running After Dark with no Lights; No Valid Safety Sticker; and, the three alleged burglaries.

Through all of this the juvenile had never come to the attention of the County juvenile officers. Two teachers said he was no discipline problem in school and his father and stepmother said they would like to have him come live with them in Louisiana where he could find employment.

The most damaging testimony regarding the youth's amenability to rehabilitation came from Beverly Hough, Juvenile Coordinator of District 12. She said the juvenile was among a group of other young people referred to her by school officials for group counseling after they were found in possession of alleged marihuana. She said the juvenile attended only five of approximately ten meetings of the group; never requested individual help, as did the others; expressed a "negative attitude toward the entire thing," and offered that he "refuses to adjust himself to social situations." She added, "I don't think his attitude is conducive to rehabilitation," and "I seriously doubt Mark's real sincere desire to be rehabilitated. . . ." (July 23 hearing, pages 41–50) In group discussions, Mrs. Hough said, the juvenile presented questions that "were made in a vein to undermine the program." (July 23 hearing, pages 49–50)

The juvenile contends in his single assignment of error that the court's finding that the juvenile was not a fit subject for rehabilitation is not supported by the evidence nor by a statement of reasons sufficient for meaningful review.

The criteria for determining whether a juvenile shall be processed within the juvenile code or tried as an adult is found in 10 O.S.Supp.1974, § 1112(b). The eight guidelines enumerated therein, and in *J.T.P. v. State*, Okl.Cr., 544 P.2d 1270 (1975), are for use by the juvenile court judge in arriving at his decision on certification. *J.T.P.* said it was not necessary for the juvenile judge to find each of those guidelines to be decided against the child, but just that they, taken as a whole, lead to conclusions: (1) There was merit to the complaint or probable cause, and (2) the juvenile is not a fit subject for rehabilitation by the facilities and programs available to the juvenile court.

The prosecutor argues that the juvenile is nearly 18 years of age, and the State Department of Institutions, Social and Rehabilitative Services (DISRS) will not accept him into their rehabilitation programs, and because there is no other agency authorized to deal with problem children the juvenile is not a fit subject for such rehabilitation.

This contention contains some merit. Title 10 O.S.Supp.1972, § 1102 expressly states, "When jurisdiction shall have been obtained over any child, it may be retained until the child becomes twenty-one (21) years of age . . . ." Title 10 O.S.1971, § 1116, delineates the juvenile court's dispositional alternatives should he choose to retain the youth within the juvenile system. Among the dispositional orders permitted are: (1) Placing the child on probation or under supervision in his own home or in the custody of a suitable person elsewhere, upon such conditions as the court requires; (2) placing the child with a private institution or agency, in or out of state; (3) placing the child with DISRS; or, (4) dismissing the petition. However, as a practical matter and in accordance with other statutes that bestow majority rights upon a juvenile at the age of eighteen (18) years of age, as a matter of policy DISRS discharges the juvenile from further custody at that age. See, 10 O.S. Supp.1972, § 1101, "The term 'child' means any person under the age of eighteen (18) years." Other statutes give an eighteen-year-old person the right to contract, to marry, and to otherwise participate as an adult. Consequently, we must find that the prosecutor's argument does contain some merit.

■ Defendant also contends the court order certifying the juvenile to stand trial as an adult did not contain the statement of reasons sufficient for meaningful review. The pertinent part of the complained of order follows:

". . . More specifically, the Court finds that the three felony crimes alleged in the petition as ammended (sic) [were] committed and there is probable cause to believe that the juvenile MARK PURNELL, is not a fit subject for rehabilitation in the facilities available to the Juvenile Court.
IT IS THEREFORE, ORDERE (sic), ADJUDGED, DECREED AND DECLARED the the juvenile, MARK PURNELL, be and he is hereby certified to stand trial as an adult and should be held accountable for his acts, . . ."

The Supreme Court said in *Kent v. United States,* 383 U.S. 541, 86 S.Ct. 1045, 16 L.Ed.2d 84 (1966):

"Meaningful review requires that the reviewing court should review. It should not be remitted to assumptions. It must have before it a statement of the reasons motivating the waiver including, of course, a statement of the relevant facts. It may not 'assume' that there are adequate reasons, nor may it merely assume that 'full investigation' has been made. . . ." 383 U.S. at 561, 86 S.Ct. at 1057.

In *Sherfield v. State,* Okl.Cr., 511 P.2d 598 (1973), this Court said, "It might be well in the future for juvenile court judges to prepare and file a statement of reasons for certification and waiver in view of the language in *Kent,* . . ."; but we went on to say that if the reasons are apparent from the record and the record is adequate to permit a meaningful review, then the constitutional requirements have been met. *Sherfield v. State,* supra, 511 P.2d at 603.

We agree with defendant that the trial court order lacked the recommended detail of *Kent* and *Sherfield,* but find the record sufficiently adequate to accomplish the identical goal of informing this Court of the reasons behind the order.

■ We have said that the question of amenability to rehabilitation within the juvenile system "is a decision within the discretion of the juvenile judge, but said decision must be based on substantial evidence against the child's claim to the benefit of juvenile treatment." *Terrell v. State,* Okl. Cr., 551 P.2d 1143, 1146 (1976). We find that the discretion exercised by the court in the case at bar was reasonable and justified, and was not abused to the extent that we must find reversible error. The juvenile's numerous arrests by police, his one suspension and one withdrawal from school, and the opinion of the assistant high school principal and witness Hough combine to lead to the conclusion that the juvenile is not a fit subject for rehabilitation.

The order of the Juvenile Division of the District Court in surrendering its jurisdiction and certifying the juvenile to the trial division of the District Court for proceedings as an adult is *AFFIRMED,* and the trial court division of the District Court is instructed to proceed with proper criminal proceedings in the case, bearing in mind that the juvenile is entitled to a preliminary hearing or examination prior to arraignment, unless properly waived.

BUSSEY, P. J., and BLISS, J., concur.