**Scott Duncan McKEEVER, and Gerald Schmidt, Appellants,**

v.

**The STATE of Oklahoma, Appellee.**

**Nos. J–77–341 and J–77–342.**

Court of Criminal Appeals of Oklahoma.

June 10, 1977.

Richard D. Strubhar, Public Defender, Canadian County, for appellants.

Earl E. Goerke, Dist. Atty., Bill James, Asst. Dist. Atty., Canadian County, El Reno, for appellee.

## OPINION

BRETT, Judge:

Appellants Scott Duncan McKeever and Gerald Schmidt appeal from an order of the Canadian District Court, Juvenile Division, John V. Whelan, Judge, certifying them to stand trial as adults for criminal prosecution for the alleged offense of Robbery With Firearms. The two appeals are joined under Rule 2.5 of the Rules of this Court.

The appellants appeal two propositions of error, first that the court did not place proper emphasis on the appellant's prospects for rehabilitation, and second that the appellants were not given a chance to put on any evidence at the certification hearing.

In making his decision to certify the appellants, the judge considered the eight guidelines required by 10 O.S.1971, § 1112(b). He found first that armed robbery was a serious offense. Second, quoting portions of the transcript from the hearing on prosecutive merit, which this Court does not have before it, he found that the alleged offense was committed in an aggressive, violent, premeditated and wilful manner. He further found that the offense was against persons and that there was prosecutive merit to the complaint. He found that as both appellants were juveniles at the time of the alleged offense, the question of the desirability of trial and disposition of the entire offense in one court when the juvenile associates in the alleged offense are adults was not applicable. He found that neither of the two appellants had any previous criminal record. He also considered the psychological evaluation reports of each of the two appellants which were made by the Southwest Guidance Center in Wheatland, Oklahoma. Appellant McKeever's report reflected that he was of average intelligence and recommended that he be given psychotherapy and not be incarcerated in prison. Appellant Schmidt's report reflected that he was of above average intelligence and that while he might be dangerous if cornered and provoked, he was probably not aggressively dangerous. The report recommended that the appellant Schmidt be given psychotherapy, but that he also needed to experience the consequences of his behavior.

The judge also stated that he had contacted the Canadian Youth Shelter and Community Services and had been told that DISRS had a policy of dismissing juveniles placed in their custody as soon as they reached age 18. The appellant Schmidt became 18 approximately one week after the date of the hearing, and the appellant McKeever is approximately nine months younger. This Court has previously stated that in making a certification decision, the juvenile judge can consider that as a practical matter DISRS discharges its wards as soon as they reach age 18. See, *In the Matter of Sanders and Dodson*, Okl.Cr., 564 P.2d 273 (1977); *In the Matter of Davidson*, Okl.Cr., 564 P.2d 266 (1977); *Purnell v. State*, Okl.Cr., 561 P.2d 109 (1977).

Furthermore, it appears from the record that the appellants left the jurisdiction of the court prior to the certification hearings in violation of their bond requirements. Also, while they were in jail awaiting continuation of their certification hearing, a fork which was being sharpened into a knife and two hacksaw blades were found in the cell shared by the two appellants and another inmate. Cuts had been made in the bars to the door of the cell.

Taking into consideration the evidence as a whole, there was more than a scintilla of evidence which could lead to the decision that the appellants were not amenable to rehabilitation within the juvenile system as is required by *J.T.P. v. State*, Okl.Cr., 544 P.2d 1270 (1975), and *Calhoon v. State*, Okl. Cr., 548 P.2d 1037 (1976).

■ Title 10 O.S.1971, § 1116, allows the juvenile court to place minors who have been declared juvenile delinquents on probation or under supervision in their own homes or in the custody of a suitable person elsewhere on such conditions as the court determines. The court may also commit a child to the custody of a private institution or agency, or it may commit the child to the custody of DISRS. A wilful violation of a court order regarding the disposition of a child adjudicated a juvenile delinquent constitutes indirect contempt of court and may be punished by a fine of up to $300.00 or imprisonment in the county jail for not more than 30 days, or both, according to 10 O.S.1971, § 1122. In determining amenability to rehabilitation, the juvenile court should consider all the possible disposition orders but, considering the age of the juveniles involved and the gravity of the crime, we do not think it unreasonable for the juvenile judge to decide that there were not adequate rehabilitative facilities for the appellants. When dealing with defendants such as these who have been certified to stand trial as adults, the sentencing judge should consider the feasibility of imposing a suspended or deferred sentence according to the provisions of 22 O.S.1971, § 991a and 22 O.S.1971, § 991c.

■ The appellants' second proposition of error that they were never given a chance to put on any evidence in their behalf is without merit. While it is true that on the record the court never specifically asked the appellants' attorney if he had any evidence to present, not asking the question appears to be an oversight. Following redirect examination of the State's last witness, there was an off the record discussion which was followed by the court's findings in the case. At no time did the appellants' counsel attempt to put on evidence, nor did he request time to make an argument. Therefore, appellants waived their right to put on evidence in their behalf.

The order of the Juvenile Division of the District Court, Canadian County, surrendering its jurisdiction and certifying the juveniles to stand trial for proceedings as adults is *AFFIRMED*, and the Trial Division of the District Court is instructed to proceed with the proper criminal proceedings in the case, bearing in mind that the juveniles are entitled to preliminary hearing or examination prior to arraignment, unless properly waived.

BUSSEY, P. J., concurs in results.