**Larry Laustin BLEDSOE, a child under 18 years of age, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. J–77–466.**

Court of Criminal Appeals of Oklahoma.

Sept. 13, 1977.

John T. Elliott, Public Defender, Richard L. Weldon, Asst. Public Defender, for appellant.

Andrew M. Coats, Dist. Atty., Roma McElwee, Asst. Dist. Atty., for appellee.

—OPINION—

BUSSEY, Presiding Judge:

Appellant, Larry Laustin Bledsoe, hereinafter referred to as defendant, appeals from an Order of the Oklahoma County District Court, Juvenile Division, certifying him to stand trial as an adult for the alleged offenses of Armed Robbery, Case Nos. JF–77–537, JF–77–558 and JF–77–559.

Defendant does not challenge the court's finding of prosecutive merit to the complaint, i.e., that there is probable cause to believe that on March 14, 1977, defendant committed three armed robberies. However, he does challenge the court's finding that the defendant is not amenable to rehabilitation within the juvenile system.

Defendant's first assignment of error is that the State failed to meet its burden of proving nonamenability to rehabilitation, in that no competent evidence was introduced by the State at the certification hearing. Specifically, objection was made at the hearing on amenability to the introduction of the "CF" file, which contained a psychological evaluation prepared by Dr. Nelda

Ferguson; a summary of court files from Canadian County; and a certification report prepared by Royce Nelson, who is employed with the Juvenile Bureau of the Oklahoma County District Court. Neither Royce Nelson nor Dr. Ferguson were called by the State, but rather, the file was offered and admitted without a foundation. Defendant's objections, that the file as admitted was hearsay, was overruled. Subsequently, defendant called Royce Nelson to the stand and was able to show through his testimony that Nelson had no personal knowledge of the information pertaining to defendant's prior juvenile record which was garnered from the Canadian County District Juvenile Court by him.

█ We are of the opinion that it is not necessary to lay a foundation for the admissibility of social reports in a certification hearing. Further, it is not necessary that the person preparing the social report have personal knowledge of the matters which he obtains from a juvenile's record in another county.

In *Matter of J. S.*, Okl.Cr., 556 P.2d 641 (1976), similar unsponsored social reports were offered by the State and objected to by the juvenile. The objection was sustained and the report was not admitted. However, nonamenability was found, apparently in reliance on the report which was not admitted. This Court reversed the Order of Certification, partly because of a failure to show prosecutive merit, but also because, in the absence of the social report, there was no competent evidence in the record from which the court could conclude that the juvenile was not amenable to rehabilitation. In an oblique reference to the propriety of denying admission to the social report, we stated in footnote no. 2:

"The transcript of the certification proceedings reflects that the social report upon the juvenile's background was offered as evidence but was objected to as hearsay at the instance of the juvenile's attorney. Such objection is made on the mistaken assumption that social reports are not admissible into evidence at the phase of the certification hearing wherein the Juvenile Court must determine the amenability or nonamenability of the juvenile. See *Kent v. United States*, 383 U.S. 541, 86 S.Ct. 1045, 16 L.Ed.2d 84 (1966)."

Further, the body of the Opinion states: "This type of evidence, social reports, is admissible subject to certain safeguards which are available to assure against a finding of nonamenability upon inaccurate evidence. The benevolent intention and the nonadversary role of the author of a social report does not eliminate nor mitigate potential dangers inherent in the preparation of such a report. Thus, the interested parties must be afforded a fair opportunity to examine, criticize and refute the findings in such a report. Only by providing this opportunity at the parties' request, can material susceptible to challenge or impeachment be subjected to the counsel's duty to 'denigrate such matter' for there is no irrebuttable presumption of the accuracy of staff reports. See, *Kent v. United States*, supra, 383 U.S. at 563, 86 S.Ct. 1045. Absent specific legislatively enacted safeguards, the fair opportunity to challenge such reports, at the parties' request, is necessary to assure the accuracy of the material which will be utilized as aids in the formulation of the proper disposition of a juvenile." [Footnote omitted]

█ It is thus not incumbent upon the State to sponsor social reports offered into evidence in a certification hearing. Defendant need only be afforded a "fair opportunity to examine, criticize, and refute the findings" of such a report. This can be done by independent evaluation of the juvenile and his record, or by calling the author of the social report for crossexamination, or by any other reasonable means.

██ Further, it is not necessary that the person preparing the social report have "personal knowledge" of all information which he gains from court files. Such a rule would severely hamper, and indeed possibly eliminate, the requirement that prior to certification the court conduct a "full investigation" (10 O.S.Supp.1974,

§ 1112) of the juvenile's background. Rather, all that is required is that the juvenile have access to the reports and an opportunity to contest them. As such, the situation is analogous to proof of a former conviction to enhance punishment. The person sponsoring the former conviction need not have personal knowledge that defendant actually committed the crime, or even that he is the same person named in the judgment and sentence reflecting the former conviction, in the absence of rebutting testimony. Rather, identity of names is prima facie evidence of identity of persons. So too, in the present situation, the social report reflecting defendant's extensive juvenile record in another county is taken as being accurate, in the absence of a protest from the juvenile that it is not. Since defendant herein in no way contests the truth or accuracy of his Canadian County juvenile case record, as reflected in Royce Nelson's social report, it is proper upon which to base a finding of nonamenability to rehabilitation within the juvenile system.

Defendant's second assignment of error, that the State failed to show nonamenability, is predicated upon our acceptance of his contention that the social reports were improperly admitted into evidence. However, since we have concluded that they were properly admitted for the court's consideration, and since those records show an extensive record of delinquency, and a failure of every attempt at rehabilitation, we are of the opinion that the trial court was within its discretion in concluding that defendant was not amenable to rehabilitation within the juvenile system. See *J. T. P. v. State*, Okl.Cr., 544 P.2d 1270 (1975).

For the foregoing reasons, the Orders certifying defendant to stand trial as an adult, in Case Nos. JF–77–535, JF–77–558 and JF–77–559, are *AFFIRMED*, and the Order Staying Proceedings entered by this Court on June 28, 1977, is *VACATED*. Larry Laustin Bledsoe appeals from an Order certifying him to stand trial as an adult. *AFFIRMED*.

BRETT, J., concurs.