**In the Matter of R. W. J., a child under the age of eighteen years.**

**No. J–77–367.**

Court of Criminal Appeals of Oklahoma.

Nov. 30, 1977.

John T. Elliott, Public Defender, J. Edward Oliver, Asst. Public Defender, Oklahoma County, for appellant.

Andrew M. Coats, Dist. Atty., Roma McElwee, Asst. Dist. Atty., for appellee.

## OPINION

**PER CURIAM:**

Appellant, R. W. J., a juvenile under the age of eighteen (18) years, appeals from an order of the Oklahoma County District Court, Juvenile Division, certifying him to stand trial as an adult for two separate alleged offenses of Robbery With Firearms, Case Nos. JF–77–441 and JF–77–444.

Briefly stated, the facts are that on February 10, 1977, at approximately 9:40 p.m., three women were robbed outside the El Chico Restaurant on N.W. 29th and Paseo Streets in Oklahoma City, Oklahoma. Ellen Coke testified that she and two companions, Robin Hutton and Donna Haffner, were in her car getting ready to leave the restaurant parking lot when someone tapped on the window and asked for some matches. After telling him to go to the restaurant for

matches, another person ran over to the car and pointed a pistol at Ms. Haffner's head. Using foul language the youth told her that he wanted all the money they had, whereupon, the three women gave him their purses. The witness stated that she could not identify either one of the two perpetrators of the robbery.

The testimony of Robin Hutton and Donna Haffner was similar to Ms. Coke's, except that Ms. Haffner could and did identify the appellant several days later in the lobby of the police station and also in the courtroom. She said that the appellant was the man with the weapon, and she further stated that he had said, "their father was in jail and some white person had put him there and a lot of bad language and they just as soon kill us as look at us because they didn't like white people anyway."

The second offense of Armed Robbery, similar to the one above, occurred on February 13, 1977, at about 1:20 a.m. outside the Merry-Go-Around bar on 27th and Walker Streets. The victim, Raymond Collins, testified that he was approached by a young, slender boy who asked for some matches. While Mr. Collins was trying to get the matches, another young man came up and pointed a pistol at Mr. Collins and demanded his money. After taking his money they left, and Mr. Collins called the police. He later identified the appellant as the young man who had pointed the pistol at him.

The Court found prosecutive merit to both charges of armed robbery and ordered the probation staff to commence a certification study.

The appellant does not challenge the court's finding of prosecutive merit to the complaint, but does challenge the finding that he is not amenable to rehabilitation within the juvenile system.

 In his only assignment of error, the appellant contends that the court order certifying him as an adult was based upon a finding of nonamenability which was not supported by the evidence. The appellant supports his contention with the following factors: This was the appellant's first con-

tact with the juvenile division; no witnesses were called to prove that appellant needed to be certified; the appellant is only 16 years of age; and, the court considered only written reports, the writers of which were not subject to cross-examination.

Although the evidence presented at the certification hearing was limited to written reports, such evidence is admissible in establishing that a juvenile is not a fit subject for rehabilitation. *Bledsoe v. State,* Okl. Cr., 572 P.2d 235. We note that the judge below, before making his ruling, asked defense counsel whether he had anything to present and then asked if either attorney wished to present argument. Defense counsel answered in the negative. Had the appellant wished to object to the use of the reports, this would have been the time to raise it. As the State has pointed out, the appellant had notice of the hearing and that reports would be used, and therefore he could have subpoenaed witnesses to rebut or explain the reports. The appellant elected not to do so and cannot complain now.

 In all certification cases, especially where the court bases its holding on circumstantial evidence, the court should explain in detail why it believes the action taken is necessary. Here, the court did that. In the order certifying the appellant as an adult, the court set forth the criteria it used in determining whether the appellant should be certified. Furthermore, the court's consideration of the guidelines in 10 O.S.1971, § 1112(b), need not be mathematically proportioned in reaching a final decision. *Matter of R.M.,* Okl.Cr., 561 P.2d 572 (1977).

 In view of the circumstances of this case, such as that the offenses committed are of the most serious, that it was committed against persons rather than property, that there was prosecutive merit to the charge, and that certification and psychological reports were used in the determination, we cannot say that the court's ruling was not supported by substantial evidence. Therefore, the Juvenile Division's certification of the appellant in the above styled and numbered cause is, accordingly *AF-*

*FIRMED,* and the Order Staying Proceedings entered by this Court on May 23, 1977, is *VACATED.*