**In the Matter of H. H., Jr., a child under the age of eighteen (18) years of age.**

**No. J–77–872.**

Court of Criminal Appeals of Oklahoma.

June 26, 1978.

John T. Elliott, Public Defender, Oklahoma County, Richard L. Weldon, Asst. Public Defender, for appellant.

Andrew M. Coats, Dist. Atty., Roma McElwee, Asst. Dist. Atty., Oklahoma County, for appellee.

## MEMORANDUM OPINION

BUSSEY, Presiding Judge:

Appellant, H. H., Jr., hereinafter referred to as defendant, appeals from orders of the Juvenile Division of the Oklahoma County District Court, certifying him to stand trial as an adult for the alleged offenses of

Pointing a Weapon, in violation of 21 O.S. 1971, § 1289.16, Case No. JF–77–1469; Kidnapping, in violation of 21 O.S.1971, § 741, Case No. JF–77–1470; Assault and Battery With a Deadly Weapon With Intent, in violation of 21 O.S.1971, § 652, Case No. JF–77–1471; and Robbery With Firearms, in violation of 21 O.S.Supp.1973, § 801, Case No. JF–77–1472. Upon application of the defendant, we consolidate these cases for appeal. The defendant challenges only the court's finding of nonamenability in the orders certifying the defendant to stand trial as an adult.

The defendant contends in his brief that former adjudications involving this defendant, made within the Missouri juvenile justice system, were used to demonstrate the defendant's nonamenability within the juvenile system of the State of Oklahoma. The defendant assigns as error the fact that uncertified copies of documents reflecting the prior adjudications in Missouri were included in the file used in preparing the social report of the defendant, and studied by the court. The defendant contends that the analogy between certification proceedings and proof of a former conviction to enhance punishment extends to certification of these records.

Both the defendant and the State cite *Bledsoe v. State,* Okl.Cr., 572 P.2d 235 (1977), for authority and as more or less dispository of the issues raised. Therein, we stated that the person preparing the social report need not have personal knowledge of all information gained from court files in the course of an investigation of a juvenile's background, that the juvenile have an opportunity to examine and contest the reports thus compiled, and that the situation thus created is similar to that which exists in proving a former conviction to enhance punishment. Absent a challenge of the accuracy of the report, the report may be taken as accurate.

 The instant case differs from the presented in *Bledsoe v. State,* supra, in that the issue of certification of court files was not directly in issue. Herein, the person preparing the report had only uncertified copies of certified copies of court files and a letter from a Missouri after-care youth counselor who may or may not have gained his information from original court files. The documents thus examined do not reflect whether the defendant was represented by counsel at all necessary stages or that the dispositions in Missouri were final. While such a social report must, of necessity, contain some hearsay, allegations contained in a report such as those made by the incorporation of the instant uncertified court records should be included only after the person making the report has made every effort to verify them. We hold that information gained from court files and used in certification proceedings must be gained from the original court files or from duly certified and authenticated copies of the original court files. If, after a fair opportunity to examine, criticize and refute the findings of such a report, no challenge of its veracity is forthcoming, the report may of itself be a proper basis for determining amenability.

Since the order certifying the defendant as an adult reflects that the court relied heavily on the defendant's record in Missouri and such record was only before the court in the form of uncertified and unauthenticated adjudications and unattested and unauthenticated reports from Missouri, we must vacate the orders certifying the defendant to stand trial as an adult in Case Nos. JF–77–1469, JF–77–1470, JF–77–1471, and JF–77–1472, and remand said cases for further hearing on certification not inconsistent with the findings of this Court.

 We also note that the record reflects that a prosecutive merit hearing was held, and the defense counsel stipulated that the court would find prosecutive merit. The record does not reflect that the defendant or his parents assented to this stipulation, and while we do not hold that a hearing to determine prosecutive merit cannot be waived, we would hold that a waiver by the defendant-juvenile or by one of his parents or a guardian ad litem, must affirmatively appear of record particularly where the

counsel attempting to waive such proceedings is court-appointed.

VACATED and REMANDED.

CORNISH and BRETT, JJ., concur.