**In the Matter of B. M. R., a child under eighteen (18) years of age, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

No. J–78–277.

Court of Criminal Appeals of Oklahoma.

July 27, 1978.

T. Hurley Jordan, Public Defender, Major R. Wilson, Asst. Public Defender, Oklahoma County, for appellant.

Andrew M. Coats, Dist. Atty., Myrna Sisson, Asst. Dist. Atty., Oklahoma County, for appellee.

OPINION

BRETT, Judge:

Appellant, B. M. R., born November 5, 1960, has appealed from an order of the

Juvenile Division of the District Court, Oklahoma County, certifying her to stand trial as an adult for the crime of Robbery With a Dangerous Weapon.

The alleged offense occurred on January 21, 1978, when the appellant, in the company of another 17-year-old girl, apparently struck a woman three times on her head with a hammer and took the victim's purse. Prosecutive merit was found at a hearing on March 15, 1978. Thereafter, the certification hearing was held on April 25, 1978. Appellant does not challenge the prosecutive merit hearing. Her entire appeal is based on her allegation that the trial court did not have sufficient evidence before it to make the finding that she was not amenable to rehabilitation as a prerequisite to ordering her certification to stand trial as an adult.

We have said in construing 10 O.S.1971, § 1112(b), that the two prerequisite findings to a valid certification order are first a finding of prosecutive merit based on the finding that a crime has been committed and that there is probable cause to believe the accused child committed it; and, second, the Juvenile Division must find the child is not a fit subject for rehabilitation by the facilities and programs available to the Juvenile Division of the District Court. *S. H. v. State,* Okl.Cr., 555 P.2d 1050 (1976), and *J. T. P. v. State,* Okl.Cr., 544 P.2d 1270 (1975).

The second finding of nonamenability to rehabilitation must be based on substantial evidence. In *Calhoon v. State,* Okl.Cr., 548 P.2d 1037 (1976), we quoted *Corbin v. United States,* 253 F.2d 646, 649 (10th Cir. 1958), as follows:

"Substantial evidence is more than a scintilla. It must do more than create a suspicion of the existence of the fact to be established. We must consider the case as a whole and not piecemeal. The lines of proof must be considered togeth-er, not separately. Even if each line of proof taken by itself is of insufficient probative force, the conclusion does not necessarily follow that the proof taken as a whole is insufficient. The lines of proof interweave and support each other."

See also, *Terrell v. State,* Okl.Cr., 551 P.2d 1143 (1976). In the instant case, the Juvenile Division of the District Court properly had before it at the certification hearing, "CS" and "JF" [1] files which contained information about the appellant to aid the court in making its determination of whether appellant should be certified. See, *Bledsoe v. State,* Okl.Cr., 572 P.2d 235 (1977). Included in the "CF" file were a psychological evaluation of the appellant and a certification study prepared by a probation officer of the Oklahoma County Juvenile Court concerning the appellant. The psychologist's report assessed that the appellant had above average intelligence, was rather aggressive and was not naive. The report also stated that she was aware of her position and admitted to the charges. The certification study showed that her school attendance was poor, according to her counselor. It also showed that she lived at home with her aunt, her mother being deceased. Following the admission of these files, the State rested. The appellant demurred to the evidence on the basis that the State had not shown that the appellant could not be rehabilitated in the juvenile system.

The appellant contends in her brief that the juvenile court had made its determination to certify prior to her presentation. Appellant quotes this language of the court:

"I believe that she [the Assistant District Attorney] is correct when she says that the seriousness of the crime and the psychological report taken together are a strong evidence of the fact that this juvenile could not be rehabilitated within the juvenile system. That is going to be the ruling of the Court."

---

1. CF file contains psychological and other evaluation reports and JF file is the Juvenile Court case file.

This statement by the court was made in relation to the appellant's demurrer. Following this statement, the transcript shows that the appellant's attorney asked the court if it were making this decision prior to their presentation, to which the court responded, "no." The judge went on to explain that she was ruling only on the demurrer made by the appellant and that she was only deciding that there was enough evidence presented by the State to overrule that demurrer. Obviously, the appellant's attorney was satisfied with this explanation and believed that the trial court was as yet undetermined on the issue of certification, because he proceeded without moving either for a mistrial or for disqualification of the judge; c. f., *C. R. B. v. State,* Okl.Cr., 575 P.2d 636 (1978).

For the appellant, Reverend Burnell Hollis, Director of the Concerned Clergymen for Spiritual Renewal Mission, testified that he had been counseling the appellant once a week since the alleged offense occurred. It was his opinion that the appellant could be rehabilitated and that progress was being made in these counseling sessions.

Appellant also called Donna Bermurdez, a counselor for A Council of Resocialization of Ex-Offenders. She testified that the appellant had enrolled in this program two and a half weeks prior to the appellant's certification hearing and that she had had four counseling sessions with appellant, which she thought had been very successful. The witness said she had hired the appellant for part-time office work and was pleased with appellant's performance.

Appellant testified in her own behalf that she felt she needed help, which she was getting from these counseling sessions.

In rebuttal, the State called Lois Edwards, who was the probation officer who prepared the certification study. The witness testified that in her opinion the appellant had not been completely truthful with her.

■ The juvenile court in its order for certification, followed the guidelines of 10 O.S.1971, § 1112(b), in determining whether to retain jurisdiction. The reasoning of the juvenile court in its order was that the offense was an unprovoked act of violence directed against a person, which was performed in a premeditated and calculated manner for which prosecutive merit had been found. The court further found that the appellant was sophisticated and mature, and while she had no prior record, the seriousness of the offense and the apparently cold and calculated manner in which it was planned, and the age of the juvenile, made rehabilitation in the juvenile system seem unlikely. The court's order reflects that the court placed greater emphasis on the relative maturity of the appellant and the seriousness and apparent premeditation of the offense. It is not necessary, however, that the court arithmetically proportion its consideration among these statutory factors or that each of these statutory factors be clearly decided against the claim of the child. See, *J. T. P. v. State, supra.* In *McKeever v. State,* Okl.Cr., 565 P.2d 703, 705 (1977), we said:

"... In determining amenability to rehabilitation, the juvenile court should consider all the possible disposition orders but, considering the age of the juveniles involved and the gravity of the crime, we do not think it unreasonable for the juvenile judge to decide that there were not adequate rehabilitative facilities for the appellants. When dealing with defendants such as these who have been certified to stand trial as adults, the sentencing judge should consider the feasibility of imposing a suspended or deferred sentence according to the provisions of 22 O.S.1971, § 991a and 22 O.S.1971, § 991c."

■ The juvenile court had substantial evidence from the facts and circumstances of the case and the information presented to it to support a finding that appellant was not amenable to rehabilitation. Therefore, the order that appellant be certified to stand trial as an adult is, accordingly, AFFIRMED.

BUSSEY, P. J., and CORNISH, J., concur.