**C. S. M., Jr., a child under the age of eighteen years, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. J–79–268.**

Court of Criminal Appeals of Oklahoma.

Sept. 5, 1979.

Rehearing Denied Sept. 18, 1979.

John L. Scott, Enid, for appellant.

Cathy Lee M. Stocker, Asst. Dist. Atty., Garfield County, for appellee.

## OPINION

BUSSEY, Judge:

■ C. S. M., Jr., a juvenile, appeals from an order of the Juvenile Division of the District Court of Garfield County, Case No. JUV–79–16, waiving jurisdiction over him and certifying him to stand trial as an adult for the offense of Robbery With Firearms. First, the juvenile alleges the trial court committed error in failing to quash the summons and dismiss the petition on the ground that the summons was not issued within five days after the State assumed custody of the juvenile, as required by 10

O.S.Supp.1978, § 1104.1, ¶ (B). C. S. M., Jr., was taken into custody by officers of the Enid Police Department in the early morning hours of Sunday, February 25, 1979. The next working day, Monday, the 26th, a petition was filed alleging C. S. M., Jr., to be a delinquent child, and the juvenile was taken before the judge of the Juvenile Division who appointed an attorney to represent him, and set bail. Summons was issued on March 1 to the juvenile's mother and on March 2 to the juvenile and to his father. The time within which an act is to be done is computed by excluding the first day and including the last. Title 12 O.S.1971, § 73. Summons was issued in each instance within the statutory five day period, and the court correctly disposed of the motions.

■ At the regularly scheduled hearing on the petition held March 8, the court rejected the juvenile's offer to confess the petition, granted the State permission to file an application for certification of C. S. M., Jr., as an adult and set a hearing for March 22 to determine prosecutive merit. The juvenile alleges this action of the court as error. We disagree. The juvenile, his parents and his attorney were present at the March 8 hearing when the State announced it would seek certification. Thereafter, each received adequate written notice of the application for certification and of the March 22 hearing. We find that the court acted within the guidelines set forth by this Court in *J. T. P. v. State*, Okl.Cr., 544 P.2d 1270 (1975), wherein we stated in Appendix A:

"9. Proceedings to certify the child to stand trial as an adult may be initiated by a request within the original petition or an amendment thereto, by a motion filed subsequently, or by the court's own motion after investigation, provided that timely notice is given the child and his parents or guardian of the issue to be considered at the hearing."

■ The juvenile next alleges he was illegally arrested and that the lower court erred in failing to strike his confession and to suppress all the evidence obtained as a result thereof. The robbery occurred at a

convenience store in Enid at approximately 4:45 a. m. on Sunday, February 25. Approximately 45 minutes later and a short distance from the store, two juveniles approached two police officers and requested a jump start for their pickup truck. The officers, who were in civilian clothes and driving an unmarked police unit, observed that the juveniles fit the description of the convenience store robbery suspects. The officers checked the youths for weapons, asked for identification, and advised them of why they were being checked. The juveniles were asked to accompany the officers to police headquarters, which they agreed to do. Upon arrival at police headquarters, one of the police officers, Detective Ted Jones, telephoned C. S. M., Jr.'s, father, who came to police headquarters shortly thereafter. The officer advised both the father and son of their constitutional rights. C. S. M., Jr., then confessed to participating in the armed robbery and told the officer where he and his accomplice had left the guns, money and clothing. Detective Jones related that C. S. M., Jr., told him that he and his companion had been riding around that night, drinking beer. (His companion, J. A. M., was also certified to stand trial as an adult and raised issues similar to those raised in this appeal. See *J. A. M. v. State*, Okl.Cr., 598 P.2d 1207 [197"]). At first, they decided to go out to the country and shoot animals, but later decided they would rob some place just for something to do. The detective stated he detected the odor of some intoxicating beverage on the juvenile's breath, but stated that in his opinion C. S. M., Jr., was not intoxicated.

A police officer may, without a warrant, arrest a person when a felony has been committed and the officer has reasonable cause for believing the person arrested committed it. Title 22 O.S.Supp.1977, § 196. We find that the officers did have probable cause to take C. S. M., Jr., and the other juvenile into custody. *Matter of R. P. R. G.*, Okl.Cr., 584 P.2d 239 (1978). Also, we find that the search for weapons was a "Terry" type stop and frisk, permissible for the limited purpose of protecting the police officers involved. *Terry v. Ohio*, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968). The juvenile contends he was not permitted to confer with his father prior to making a statement. We observe that neither the juvenile nor his father requested to confer privately with each other, and that the questioning of C. S. M., Jr., proceeded in accordance with the requirements of 10 O.S. Supp.1977, § 1109(a). We find that the arrest was lawful, and the court did not err in admitting the confession and the evidence.

■ The Juvenile Division on March 22 found from evidence adduced by the State that there was prosecutive merit to the application, meaning a finding that a crime had been committed and that there was probable cause to believe the accused juvenile committed it. The proceedings were continued until April 10, at which time the court found, again from evidence adduced by the State, that the juvenile was not a fit subject for rehabilitation within the juvenile system and certified him as an adult.

These proceedings were conducted while 10 O.S.Supp.1978, § 1112(b), was in effect which is the so-called "reverse certification" statute. Subsequent to the filing of this appeal, this particular statute was declared unconstitutionally vague in *State v. Johnson*, Okl.Cr., 597 P.2d 328 (1979). Because the Office of the District Attorney was aware that the statute's constitutionality was being challenged, the Assistant District Attorney announced that the State would assume the burden of proof throughout the proceedings and so informed the juvenile's counsel a day or two after his appointment.

The declaration that the reverse certification statute was unconstitutional did not affect the statute it purportedly repealed, namely, 10 O.S.Supp.1977, § 1112(b). *Dean v. Crisp*, Okl.Cr., 536 P.2d 961 (1975). We find that the 1977 certification statute was in effect during these proceedings and that the State, by assuming the burden of proof throughout, complied with the provisions thereof.

We will treat the juvenile's next proposition as challenging the sufficiency of the

evidence as to prosecutive merit and as to nonamenability to rehabilitation within the juvenile system. The convenience store clerk testified that at approximately 4:45 a. m. on Sunday, February 25, 1979, two men came into the store wearing masks covering their faces, and carrying shotguns. One man came to the counter and pointed his weapon at the clerk's face while the other stood in the door and watched the outside. The man at the door told the clerk to hurry up, that he would count to three and if the clerk did not put all the money in a sack he would "blow his head off." The intruders left the premises with the money, and the clerk called the police.

Detective Noble Pritchett arrived within minutes and viewed the film of the robbery as recorded by the store's videotape camera. He briefed Detective Ted Jones, who had arrived later, as to the description of the robbers, and both detectives left the scene in an unmarked police unit wearing civilian clothes, to check the area for suspects. As we have previously related, they took C. S. M., Jr., and his companion into custody a short time thereafter. C. S. M., Jr., admitted he was the person who stood watch at the door of the convenience store. We find that the testimony of these witnesses and the juvenile's confession to be ample evidence from which the court could find prosecutive merit.

At the certification hearing, the juvenile's father testified that his son had once been expelled from school for three days for smoking, otherwise his son had never been in trouble at school or with the police prior to the robbery. The juvenile's school counselor testified that his record indicated the juvenile had not been a behavioral problem at school and was a "D" student. The witnesses who knew C. S. M., Jr., including his mother, testified he was of average maturity for a 17-year-old boy and knew right from wrong. The superintendent of the Helena State School stated that in his opinion the optimum period within which to effect rehabilitation of a juvenile who had committed a violent offense was from one to three years. He stated it was the policy within the Welfare Department to release

individuals as they attained 18 years of age. C. S. M., Jr., was to be come 18 that coming December.

Title 10 O.S.Supp.1977, § 1112(b), provides that after the court finds prosecutive merit in the charge, consideration is to be given to five factors in deciding whether or not to certify the juvenile as an adult. There five factors are:

"1. The seriousness of the alleged offense to the community, and whether the alleged offense was committed in an aggressive, violent, premeditated or willful manner;

"2. Whether the offense was against persons or property, greater weight being given to offenses against persons especially if personal injury resulted;

"3. The sophistication and maturity of the juvenile and his capability of distinguishing right from wrong as determined by consideration of his psychological evaluation, home, environmental situation, emotional attitude and pattern of living;

"4. The record and previous history of the juvenile, including previous contacts with community agencies, law enforcement agencies, schools, juvenile courts and other jurisdictions, prior periods of probation or prior commitments to juvenile institutions; and

"5. The prospects for adequate protection of the public and the likelihood of reasonable rehabilitation of the juvenile and if he is found to have committed the alleged offense, by the use of procedures and facilities currently available to the juvenile court."

The court found, upon consideration of these factors, that C. S. M., Jr., was not amenable to rehabilitation within the juvenile system. Such a finding, while within the discretion of the Juvenile Division, must be based upon substantial evidence. *Matter of G. D. C.*, Okl.Cr., 581 P.2d 908 (1978). But it is not necessary that the court arithmetically proportioned its consideration among the five factors or that each be clearly decided against the juvenile. *B. M. R. v. State*, Okl.Cr., 581 P.2d 1322 (1978).

And the length of time a juvenile will be subject to the Department of Institutions, Social and Rehabilitative Services, is an important factor in determining amenability, for the issue before the court is not merely whether the juvenile can be rehabilitated, but whether he can be rehabilitated within the juvenile system. *Matter of M. E.*, Okl. Cr., 584 P.2d 1340 (1978).

Against that backdrop, we find that the Juvenile Division did not abuse its discretion in finding that C. S. M., Jr., was not amenable to rehabilitation within the juvenile system. There was evidence before the court that the juvenile, who was of average maturity and who knew right from wrong and who would be relieved from the supervision of DISRS in eight months, committed the crime of armed robbery, one of the most serious public offenses, in an aggressive, violent and premeditated manner, which placed the life of another human being in jeopardy.

The juvenile also contends, without citing supporting authority, that the court erred in permitting witnesses to testify at the certification hearing who were not previously endorsed; denying him the right of trial by jury; permitting improper argument of counsel; and failing to set aside funds for the juvenile to obtain expert testimony on the issue of rehabilitation. This Court has repeatedly held that the mere assertion of error unsupported by citations of authority or only by a general citation, will not be considered. *Sandefur v. State*, Okl.Cr., 461 P.2d 954 (1969).

We want to commend Ms. Cathy Stocker, Assistant District Attorney of Garfield County, and Mr. John Scott, court appointed counsel for the juvenile, for the conscientious and skillful manner in which they represented their respective interests in this case. We specifically commend Ms. Stocker who, recognizing that this State's reverse certification statute was being challenged, assumed the burden of proof for the State throughout the proceedings.

On the basis of the record, we hold that the court below was justified in its findings of prosecutive merit and nonamenability to rehabilitation within the juvenile system. Accordingly, the order of certification is AFFIRMED.

CORNISH, P. J., concurs in results.

BRETT, J., concurs.

