**C. L. D., a Juvenile, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. J–80–295.**

Court of Criminal Appeals of Oklahoma.

Nov. 14, 1980.

Robert H. Galbraith, Ponca City, for appellant.

Joseph A. Wideman, Dist. Atty., Dave Jacobs, Asst. Dist. Atty., Eighth Judicial Dist., Newkirk, for appellee.

## OPINION

CORNISH, Presiding Judge:

The juvenile seeks review by this Court from the Order of the Kay County District Court, which certified him to stand trial as an adult for Second Degree Burglary, Case No. FRJ–79–3.

These are the facts as borne out by the record. The juvenile was arrested on October 3, 1979, and a detention hearing was held on October 4, 1979. A hearing on prosecutive merit was held on November 7, 1979, and a certification hearing was set for November 16, 1979.

On November 8, 1979, the State filed an application to commit the juvenile to Western State Hospital for examination and on November 15, 1979, the court sustained the juvenile's objection to the commitment order because of his desire to be examined at the Bi–State Mental Health Foundation. The juvenile was examined by Dr. Edwin Fair, M.D., on February 13, 1980, and his report was then submitted to the juvenile judge. The certification was held on March 25, 1980, and having taken the matter under advisement, the juvenile judge certified the juvenile to stand trial as an adult by order under date of March 31, 1980.

■ The juvenile first argues on appeal that he was denied his right to a speedy trial because there was a lapse of approximately six months between the filing of the petition and the certification hearing. The State counters by arguing that this delay was caused by the juvenile himself. In *L.D.F. v. State*, Okl.Cr., 561 P.2d 114 (1977), we discussed the application of speedy trial standards in juvenile cases. We applied the standards as enunciated by *Barker v. Wingo*, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972). The four factors to consider when the speedy trial issue is asserted are: (1) the length of delay; (2) the reason therefore; (3) the party's assertion of his or her right to a hearing; and (4) the degree of prejudice to the party.

■ In applying the *Barker* standards to the facts before us, the following is revealed: The appellant was arrested on October 3, 1979; the prosecutive merit hearing was held on November 7, 1979. The juvenile was released on bond. Once the court ordered him to be examined at Western State Hospital, he objected, because of his desire to be examined by the Bi–State Mental Health Foundation. The certification hearing was then set for November 16, 1979, but was postponed. The Bi–State report was received sometime between February 13 and February 29, 1980, and the certification hearing was set for March 21, 1980. The juvenile failed to appear on March 21, 1980. The case was reset and the hearing was held on March 25, 1980. We find that the appellant has failed to demonstrate that the delay in this cause was the result of any misconduct on the part of the State, and it is therefore without merit.

■ Secondly, the appellant urges that the State failed to prove by substantial evidence that he was not amenable to treatment within the juvenile system. The court's finding of prosecutive merit is not challenged on appeal.

At the certification hearing, a Ms. Buthod, the appellant's probation counselor, testified that the appellant had been adjudicated a delinquent on January 10, 1979, for Unauthorized Use of a Motor Vehicle and Possession of Stolen Property. In March, 1979, the appellant was charged with DUI and Attempting to Elude and Reckless Driving, all of which were dismissed in municipal court. The following June, he was involved in two separate incidents: Receiving Stolen Property and Assault With a Deadly Weapon. The counselor further testified that while on probation, he was placed in homes of three different relatives. None of the placements were successful. She stated that in her opinion the appellant was not amenable to rehabilitation, and it was further established that the appellant was eighteen years of age at the time of the certification hearing. Dr. Edwin Fair, in his report from the Bi–State Mental Health Foundation, reported that the juvenile knew the difference between right and wrong and was quite immature.

In its order certifying the juvenile, the court reasoned that the juvenile committed the offense in a premeditated and willful manner which involved damage of business property and stealing other property, although less weight is to be given offenses against property rather than persons. The court further found that the juvenile knew right from wrong and was immature. His previous contacts with law enforcement agencies necessitated transferring him to different homes. The court further stated that the procedures available within the juvenile court were not viable, and because the appellant was now eighteen years of age, the only procedure available was probation. The court concluded the factors favoring certification as an adult outweighed the factors favoring disposition within the juvenile system.

We thus find there was substantial evidence from which the juvenile court could certify the appellant, thus this assignment of error is meritless.

■ The appellant lastly contends that the juvenile judge failed to consider all the dispositional orders available, and thus he was denied due process. He cites as authority *McKeever v. State*, Okl.Cr., 565 P.2d 703 (1977), in which this Court promulgated that the court should consider all the possible dispositional orders in determining amenability to rehabilitation. We find nothing in the record before us to indicate that the judge did not consider all possible dispositional orders or alternatives before certifying the appellant to stand trial as an adult. We thus find this proposition to be without merit.

The order appealed from is hereby AFFIRMED.

BRETT and BUSSEY, JJ., concur.